**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHERINE FINGER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH JERSEY INDUSTRIES, INC., SARAH M. BARPOULIS, VICTOR A. FORTKIEWICZ, SHEILA HARTNETT-DEVLIN, G. EDISON HOLLAND, JR., SUNITA HOLZER, KEVIN M. O'DOWD, CHRISTOPHER J. PALADINO, MICHAEL J. RENNA, JOSEPH M. RIGBY, and FRANK L. SIMS,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Katherine Finger ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.      This is a stockholder action brought by Plaintiff against South Jersey Industries, Inc. ("SJI" or the "Company") and the members of SJI's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection

with the Board's attempt to sell SJI to Infrastructure Investments Fund ("IIF") (the "Proposed Transaction").

2. On February 23, 2022, SJI entered into an Agreement and Plan of Merger with NJ Boardwalk Holdings LLC ("Parent") and Parent's wholly owned subsidiary, Boardwalk Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). Parent and Merger Sub are affiliates of IIF. Under the terms of the Merger Agreement, SJI stockholders will be entitled to receive $36.00 in cash per share of SJI common stock.

3. On April 11, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that SJI stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, BofA Securities, Inc. ("BofA"); and (iii) potential conflicts of interest faced by Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as SJI stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for SJI stockholders to vote on the Proposed Transaction is currently scheduled for May 10, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and SJI's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction or seek appraisal. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. SJI's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of shares of SJI common stock.

10. Defendant SJI is a New Jersey corporation, with its principal executive offices located at 1 South Jersey Plaza, Folsom, New Jersey 08037. SJI's shares trade on the New York Stock Exchange under the ticker symbol "SJI."

11. Defendant Sarah M. Barpoulis has been a director of the Company at all relevant times.

12. Defendant Victor A. Fortkiewicz has been a director of the Company at all relevant times.

13. Defendant Sheila Hartnett-Devlin has been a director of the Company at all relevant times.

14. Defendant G. Edison Holland, Jr. has been a director of the Company at all relevant times.

15. Defendant Sunita Holzer has been a director of the Company at all relevant times.

16. Defendant Kevin M. O'Dowd has been a director of the Company at all relevant times.

17. Defendant Christopher J. Paladino has been a director of the Company at all relevant times.

18. Defendant Michael J. Renna has been Chief Executive Officer, President, and a director of the Company at all relevant times.

19. Defendant Joseph M. Rigby has been Chairman of the Board and a director of the Company at all relevant times.

20. Defendant Frank L. Sims has been a director of the Company at all relevant times.

21. Defendants identified in paragraphs 11-20 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

22. SJI is an energy infrastructure holding company that delivers energy services to customers through two primary subsidiaries: SJI Utilities, Inc. ("SJIU") and SJI Energy Enterprises, Inc. ("SJIEE"). SJIU houses the Company's regulated natural gas utility operations, delivering safe, reliable and affordable natural gas to more than 700,000 residential, commercial and industrial customers across New Jersey via its South Jersey Gas and Elizabethtown Gas

subsidiaries. SJIEE houses the Company's non-utility operations primarily focused on clean energy development and decarbonization via renewable energy production and energy management activities.

**The Proposed Transaction**

23. On February 24, 2022, SJI announced that it had entered into the Proposed Transaction, stating, in relevant part:

> **FOLSOM, NJ, and NEW YORK, February 24, 2022** – South Jersey Industries, Inc. (NYSE: SJI) (SJI) and the Infrastructure Investments Fund (IIF), a private investment vehicle focused on investing in critical infrastructure assets, today announced that they have entered into a definitive agreement under which IIF will purchase SJI for $36.00 per share in cash, reflecting an enterprise value of approximately $8.1 billion.
>
> "As energy markets across the U.S. and New Jersey accelerate the transition toward low carbon and renewable energy, the SJI Board determined that now is the opportune time to join forces with IIF," said Mike Renna, President and CEO, SJI. "IIF is a trusted partner and long-term investor in utility and renewable energy companies, and together we will be well positioned to execute on SJI's clean energy and decarbonization initiatives in support of the environmental goals of our State and region. In addition, as a private company and with IIF's support, we will have additional resources to continue to modernize our critical infrastructure, maintain our high standard of customer service at reasonable rates, and further enhance the safety, reliability and sustainability of our businesses."
>
> Mr. Renna continued, "This transaction is a testament to the achievements of our employees, and we are pleased that IIF recognizes the strength of our workforce and culture and shares our commitment to supporting the communities we serve. I would like to thank each of our employees for all they do each day to contribute to the success of SJI. I look forward to building on our strong foundation together."
> IIF's long-term approach to investing in utility and infrastructure assets is directly aligned with SJI's mission to "build a better today and tomorrow" for the more than 700,000 families and businesses SJI serves, while continuing to support its 1,100-employee workforce and the communities in which SJI operates. SJI and IIF will work together to advance SJI's sustainability goals while SJI continues to provide excellent customer service, maintains an outstanding team and culture, and delivers on its commitment to improving the quality of life for all those who live and work in the communities it serves.
>
> Andrew Gilbert, Investment Principal to IIF, said, "SJI has established itself as a leader among its peers, distinguished by the strength of its utilities and ability to

provide quality service to its customers. SJI's long track record of investing in sustainability and clean energy initiatives has translated into a clear competitive advantage. We believe our expertise, resources and experience can help SJI further build on its leading position in the industry. We have great respect for SJI's talented team and look forward to partnering with them to safely provide clean and reliable energy to the communities of New Jersey."

**Leadership and Headquarters**
Following the close of the transaction, SJI will remain locally managed and operated with headquarters in Folsom, New Jersey. Mike Renna will continue as Chief Executive Officer and the current management team will continue to lead SJI.

**Terms of the Transaction**
The per share purchase price of $36.00 represents a 46.3% premium to SJI's 30-day VWAP as of February 23, 2022, the last trading day prior to the announcement of the agreement. The transaction was unanimously approved by SJI's Board of Directors and is expected to close in the fourth quarter of 2022, subject to the approval of SJI's shareholders, the receipt of regulatory approvals, including by the New Jersey Board of Public Utilities, and other customary closing conditions. Dividends payable to SJI shareholders are expected to continue in the ordinary course until the closing, subject to approval by SJI's Board of Directors. Upon completion of the transaction, SJI's shares will no longer trade on the New York Stock Exchange, and SJI will become a private company.

**Fourth Quarter and Full Year 2021 Earnings Results**
In a separate press release, SJI today issued its financial results for the fourth quarter and fiscal year ended December 31, 2021, which is accessible by visiting the Investor Relations section of the SJI corporate website at https://investors.sjindustries.com/home/default.aspx. In light of the announced transaction with IIF, SJI will not hold an earnings conference call.

**Advisors**
BofA Securities is acting as exclusive financial advisor and Gibson, Dunn & Crutcher LLP is acting as legal advisor to SJI. Centerview Partners is acting as exclusive financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal advisor to IIF. In addition, IIF has a committed bridge financing facility in place led by KeyBanc Capital Markets and PNC Capital Markets to support the transaction.

**The Materially Incomplete and Misleading Proxy Statement**

24.     On April 11, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that SJI stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material

information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, BofA Securities Inc. ("BofA"); and (iii) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning SJI's Financial Projections*

25. The Proxy Statement fails to disclose material information concerning the financial projections for SJI.

26. With respect to the Company's financial projections, the Proxy Statement fails to disclose all line items underlying: (i) Revenue; (ii) Adjusted EBITDA; (iii) GAAP Net Income; and (iv) Unlevered Free Cash Flow.

27. With respect to the Company's earlier sets of financial forecasts, the Proxy Statement fails to disclose: (i) the Company forecasts prepared by SJI management and shared with IIF and its financial advisor at the December 16, 2021 meeting (*see* Proxy Statement at 53); (ii) the Company forecasts prepared by SJI management and provided to BofA at the January 11, 2022 Board meeting (*see id.* at 54); and (iii) quantification of the updates to the Company forecasts that the Board approved at the February 17, 2022 Board meeting (*see id.* at 55).

*Material Misrepresentations and/or Omissions Concerning BofA's Financial Analyses*

28. The Proxy Statement fails to disclose material information concerning BofA's financial analyses.

29. With respect to BofA's *Discounted Cash Flow Analyses ("DCF") – WholeCo*, the Proxy Statement fails to disclose a quantification of: (i) the terminal values for the Company; and (ii) the inputs and assumptions underlying the discount rates ranging from 4.5% to 5.5%.

30. With respect to BofA's *DCF – SOTP*, the Proxy Statement fails to disclose a quantification of: (i) the standalone unlevered after-tax free cash flows for each of the Utility Segment and Non-Utility Segment during the Company's fiscal years 2022 through 2025; (ii) each of the Utility Segment's and Non-Utility segment's net income for the year ending December 31, 2025 used to calculate the terminal values; (iii) the terminal values for the Utility Segment and Non-Utility Segment; (iv) the inputs and assumptions underlying the discount rate ranges of 4.25% to 5.25% for the Utility Segment and 8.5% to 10.5% for the Non-Utility Segment; and (v) the implied per share values for the Company resulting from the analyses.

31. With respect to BofA's *Selected Publicly Traded Companies Analysis*, the Proxy Statement fails to disclose the Company's estimated earnings per share for fiscal years 2022 and 2023 and estimated EBITDA for fiscal year 2022.

32. With respect to BofA's *Wall Street Analysts Price Targets* analysis, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

33. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders.

34. For example, the February 24, 2022 press release announcing the Proposed Transaction states that, "Following the close of the transaction, SJI will remain locally managed and operated with headquarters in Folsom, New Jersey. Mike Renna will continue as Chief Executive Officer and the current management team will continue to lead SJI." The Proxy Statement, however, fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between SJI directors and officers and IIF, including who participated in all such communications, when they occurred and their content. Moreover,

the Proxy Statement fails to disclose whether any of IIF's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

35. In sum, the omission of the above-referenced information renders statements in the "Forward-Looking Financial Information," "Opinion of BofA Securities," "Additional Interests of the Company's Directors and Executive Officers in the Merger," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of SJI will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SJI**

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. SJI is liable as the issuer of these statements.

38. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

39. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

41. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

42. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

43. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of SJI within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of SJI and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

48.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

49.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of SJI, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction,

including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  April 20, 2022                                   **ACOCELLI LAW, PLLC**

By  */s/ Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*